REES TAYLOR COMPANY, INCORPORATED, PLAINTIFF, v. SAMUEL KULLMAN ET AL., DEFENDANTS.

Decided August 5, 1931.

Before OLIPHANT, Circuit Court judge, sitting as Supreme Court commissioner.

For the plaintiff, *James J. McGoogan.*

For the defendant Samuel Kullman, *Green & Green.*

This matter is before me, sitting as a Supreme Court commissioner, on a motion to strike out the complaint as against the defendant Samuel Kullman, on the ground that it does not set forth a good cause of action.

It is admitted that the motion should prevail unless a question of fact, which should be passed upon by a jury, is raised, as to waiver of presentment and notice of dishonor, by the defendant Kullman.

Plaintiff relies on two letters to support its contention. On December 18th, 1930, it wrote to the defendant as follows:

"We wish to advise that the note of Mayflower Diners, Inc., for $100 and interest, which fell due on the 15th instant at Trenton, has not been paid.

Each of these notes bear the clause that if the same is not paid at maturity, all subsequent notes of the series immediately become due and payable.

Will you kindly give this matter your attention, and oblige."

On stationery of the Kullman Dining Car Company, on January 6th, 1931, the following letter was written:

"Your letter of recent date at hand, and wish to advise you that your note for $100 will be taken care of not later than next week.

Thanking you for your kind indulgence in the matter, I remain

Yours very truly,
KULLMAN DINING CAR CO., INC.
By Samuel Kullman, President."

The point is disposed of and the decision on the motion controlled by the decision of the Court of Errors and Appeals in the case of *Jordan* v. *Reed*, 77 *N. J. L.* 584, wherein the court said: "The law applicable to such conduct is that acts, admissions or promises after maturity, in order to be evidential of a waiver of presentment and notice, or of an excuse for the want of presentment and notice, must be done or made with full knowledge of the discharge from liability upon the contract of endorsement, and must, in form and effect, be unequivocal and unconditional.

There was no unequivocal, unconditional promise to pay, after maturity, by the defendant Kullman, individually.

The case of *Richardson* v. *Kulp*, 81 *N. J. L.* 123, relied upon by the plaintiff is not in point. The letter which plaintiff claims amounts to a waiver did not come from the endorser but from a corporation.

The motion will be granted and an order to that effect may be presented.